

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-20-2009

# USA v. Padilla

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4682

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Padilla" (2009). *2009 Decisions.* Paper 2012.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2012

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-4682
_____

UNITED STATES OF AMERICA

v.

CHRISTOPHER PADILLA
also known as TOBY PADILLA
also known as CHRISTOPHER GONZALES

Christopher Padilla,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 01-cr-00391-1)
District Judge:  The Honorable Bruce W. Kauffman

_____

Submitted Under Third Circuit LAR 34.1(a)
October 30, 2008

BEFORE: McKEE, NYGAARD, and SILER,[*] Circuit Judges.


(Filed: January 20, 2009)

_____


[*]Honorable Eugene E. Siler, Jr., Senior Circuit Judge for the United States Court
of Appeals for the Sixth Circuit, sitting by designation.

_____

OPINION OF THE COURT

_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Appellant, Christopher Padilla, pleaded guilty to possession of a firearm by a convicted felon. He was sentenced to 46 months of imprisonment, three years of supervised release, and $100 special assessment. Trial counsel failed to file a notice of appeal. The District Court, however, granted Appellant's motion under 28 U.S.C. § 2255, reinstating Padilla's right to file a direct appeal *nunc pro tunc*. This appeal followed.

On appeal Padilla argues that the District Court erred by imposing a four-level sentencing enhancement upon him for possessing a firearm and recklessly endangering others by firing it in the air, in violation of Pennsylvania law. He argues that because trial counsel failed to object to the enhancement, counsel's conduct falls below the horizon of acceptable professional effectiveness. We will affirm.

Counsel will not be considered ineffective if the objection to the enhancement would have been futile. It is the Appellant's burden to establish that the District Court committed the plain error. To do so, he must show that (1) the District Court erred; (2) the error was obvious under the law at the time; and (3) the error affected substantial rights and affected the outcome of the proceedings. *Johnson v. United States*, 520 U.S. 461, 467 (1997).

2

We conclude that Padilla is not entitled to relief. The District Court was permitted to rely on the undisputed facts stated in the presentence report, *United States v. Siegel*, 477 F.3d 87, 93 (3d Cir. 2007). Those facts, contrary to Padilla's argument on appeal, adequately set forth the elements of another felony offense – reckless endangerment – in violation of Pennsylvania law. Thus the record supports the sentencing enhancement imposed by the District Court. For the foregoing reasons, we will affirm.